No. 1971.—E. Thompson *v.* W. Cullinane.

The purchaser of personal property, such as a mule, at a public sale, made under the regulations prescribed for the sale of estrayed animals, gets a good title thereto, even though it may be shown that the animal was originally stolen. C. C. 3474.

APPEAL from Seventh District Court, parish of Orleans. *Collens,* J. *J. McKee,* for plaintiff and appellant. *Hornor & Benedict,* for defendant and appellant.

Howell, J. In February, 1868, the plaintiff sequestered, in the possession of the defendant, a mule, which, he alleges, was stolen from him in December, 1866. The defendant set up title by purchase, in good faith, in February, 1867, from one T. McMahon, called in warranty, who bought said mule and a dray from one P. Condon, who had purchased them *as estrays* on fourteenth January, 1867, at public

auction, at a sale by the Street Commissioner of New Orleans, under police laws, after due advertisement. The district judge was satisfied that the mule was stolen from plaintiff, and under articles 2427 and 3472, C. C., gave him a judgment for the mule or its value, $250, and the sum of $318 for the use or hire thereof to the institution of this suit, and a judgment in favor of defendant for $225, against McMahon, as warrantor. Defendant appealed, and before us he invokes article 3474, as relieving him from liability. It reads as follows: "This reclamation on the part of the owner, even by reimbursing the price, is not allowed against a person who has purchased stray animals which have been sold in conformity with the regulations of police, or other movable objects lost or abandoned which are sold by authority of law, although he has not possessed them during the time required for the prescription of movables."

The evidence shows that the mule in question, with a dray and harness, was advertised during ten days and sold by the Street Commissioner, as an estray, in accordance with the police regulations on that subject, except that the advertisement was not made immediately after the expiration of three days from the date of impounding, as. prescribed by said regulations; but this delay can not be said to be prejudicial to the owner, as it prolonged the time for search and recovery before his title would be divested. Whether the mule was stolen or not from the plaintiff, it is unnecessary to decide in this controversy, as it is shown that defendant's title was not derived through the alleged theft, but through the acts of public officers in the mode prescribed by law; and the article of the Code above quoted denies to the original owner the right of reclamation, even upon refunding the price, and confirms the title of the purchaser to animals regularly sold as estray

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, with costs in both courts.

Rehearing refused.